UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No.: 05-30189-MAP

| | |
|---|---|
| Comcast of Massachusetts II, Inc., ("Comcast") | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NICHOLAS LAPIER, | ) ) |
| Defendant. | ) ) |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

NOW COMES the Defendant, Nicholas Lapier, in the above-referenced civil action and answers the Plaintiff's Complaint for Violations of 47 U.S.C. §553 and Conversion as follows:

### First Defense

1. The Defendant denies the allegations contained in Paragraph 1 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

2. The Defendant denies the allegations contained in Paragraph 2 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

3. The Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint to the extent that he resided at 636 Birnie Avenue, West Springfield, Massachusetts but denies the remaining allegations contained in Paragraph 4.

5. The Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendant is without knowledge to admit or deny all of Paragraph 7 of the Plaintiff's Complaint.

8. The Defendant is without knowledge to admit or deny all of Paragraph 8 of the Plaintiff's Complaint.

9. The Defendant is without knowledge to admit or deny all of Paragraph 9 of the Plaintiff's Complaint.

10. The Defendant is without knowledge to admit or deny all of Paragraph 10 of the Plaintiff's Complaint.

11. The Defendant is without knowledge to admit or deny all of Paragraph 11 of the Plaintiff's Complaint.

12. The Defendant is without knowledge to admit or deny all of Paragraph 12 of the Plaintiff's Complaint.

13. The Defendant is without knowledge to admit or deny all of Paragraph 13 of the Plaintiff's Complaint.

14. The Defendant is without knowledge to admit or deny all of Paragraph 14 of the Plaintiff's Complaint.

15. The Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

16. The Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

17. The Defendant repeats and reavers the answers contained in Paragraphs 1 through 16 above as if repeated and restated herein.

18. The Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

19. The Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

20. The Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

21. The Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

22. The Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

23. The Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

24. The Defendant repeats and reavers the answers contained in Paragraph 1 through 23 above as if repeated and restated herein.

25. The Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

26. The Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

27. The Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same at trial.

### Second Defense

The Plaintiff's Complaint was not filed within the applicable Statute of Limitations period and the Plaintiff may not recover against the Defendant.

### Third Defense

The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### Fourth Defense

The Plaintiff does not have standing to bring this Complaint as a "successor-in-interest," nor does Comcast have the right to pursue the claim set forth in Plaintiff's Complaint.

### Fifth Defense

The Plaintiff is not a party aggrieved pursuant to 47 U.S.C. §553.

### Sixth Defense

The Plaintiff seeks to hold Defendant liable for a third party for whom Defendant is not responsible.

## Seventh Defense

The Plaintiff has been guilty of laches and unreasonable delay in bringing this action and is barred from recovery by the Doctrine of Laches.

## *Counterclaim – Chapter 93A*

1. The Defendant (Plaintiff-in-Counterclaim) is a natural personal residing at 10 Forest Ridge Road, West Springfield, Massachusetts.

2. The Plaintiff (Defendant-in-Counterclaim) Comcast of Massachusetts II, Inc., is engaged in trade or practice as deferred by M.G.L Chapter 93A.

3. The Plaintiff (Defendant-in-Counterclaim) failed to conduct a reasonable investigation of Defendant (Plaintiff-in-Counterclaim's) contention that he did not intercept any of Plaintiff's cable signals.

4. Plaintiff (Defendant-in-Counterclaim) failed to acknowledge that Defendant (Plaintiff-in-Counterclaim) had subscribed to premium channels during the period that Defendant allegedly intercepted Plaintiff's cable signals.

5. The Plaintiff (Defendant-in-Counterclaim) or its predecessor failed to establish procedures to prevent defective or tampered cable boxes to be distributed to its customers.

6. The above action or practice committed by Plaintiff or its successor in interest constitutes unfair and deceptive acts or practices as defined by M.G.L. Chapter 93A.

WHEREFORE, the Defendant (Plaintiff in Counterclaim) demands judgment against the Plaintiff (Defendant-in-Counterclaim) in an amount to be determined, treble damages and attorneys fees.

5

|  |  |
|---|---|
| Dated: November 5, 2005 | The Defendant,<br>Nicholas Lapier<br>By His Attorney<br><br>*/s/ signature*<br>_____<br>Dennis P. Powers, Esquire<br>BBO #404697<br>Katz, Argenio & Powers, P.C.<br>1380 Main Street, Suite 302<br>Springfield, MA 01103<br>Tel No.: (413) 737-5996<br>Fax No.: (413) 781-3780 |

## CERTIFICATE OF SERVICE

I, Dennis P. Powers, Esquire, hereby certify that on this ___ day of November, 2005, I served a copy of the foregoing Answer by mailing a copy thereof, first class mail, postage prepaid, to Plaintiff's attorney of record: John M. McLaughlin, Green, Miles, Lipton & Fitz-Gibbon LLP, 77 Pleasant Street, P.O. Box 210, Northampton, MA 01060.

Dennis P. Powers, Esquire
Katz, Argenio & Powers, P.C.
1380 Main Street, Suite 302
Springfield, MA 01103
(413) 737-5996