UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Comcast of Massachusetts II, Inc.** ("Comcast") ) | Case No.: 05-cv-30189-MAP |
| ) | |
| Plaintiff, ) | **REPLY TO COUNTERCLAIM** |
| ) | |
| vs. ) | |
| ) | |
| **Nicholas Lapier** ) | |
| ) | |
| Defendant ) | |

1. Plaintiff/Defendant in the Counterclaim admits the allegations in paragraph 1 of the Counterclaim.

2. Plaintiff/Defendant in the Counterclaim admits the allegations in paragraph 2 of the Counterclaim.

3. Plaintiff/Defendant in the Counterclaim denies the allegations in paragraph 3 of the Counterclaim.

4. Plaintiff/Defendant in the Counterclaim denies the allegations in paragraph 4 of the Counterclaim.

5. Plaintiff/Defendant in the Counterclaim denies the allegations in paragraph 5 of the Counterclaim.

6. Plaintiff/Defendant in the Counterclaim denies the allegations in paragraph 6 of the Counterclaim.

**AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Defendant/Plaintiff in the Counterclaim is estopped by his own acts and deeds from recovering from the Plaintiff/Defendant in the Counterclaim

### SECOND AFFIRMATIVE DEFENSE

The Defendant/Plaintiff in the Counterclaim has failed to state a claim or a cause of action upon which relief can be granted and the Counterclaim, in its entirety, must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

All of the actions of the Plaintiff/Defendant in the Counterclaim have been in good faith and in due process of the law.

### FOURTH AFFIRMATIVE DEFENSE

The unauthorized interception of signal, or even the attempt to intercept said signal violates provisions of Title 47 U.S.C., Section 553 and, as such, the statutory violations bar any recovery on the part of the Defendant/Plaintiff in the Counterclaim.

### FIFTH AFFIRMATIVE DEFENSE

The unauthorized interception of signal, or even the attempt to intercept through the use of a descrambling device attached to the cable television lines or hardware violates contractual agreements between the parties and as such acts as a bar to any recovery on the part of the Defendant/Plaintiff in the Counterclaim.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff/Defendant in the Counterclaim was justified in its conduct and acts, and is therefore not liable to the Defendant/Plaintiff as alleged in the Counterclaim.

**SEVENTH AFFIRMATIVE DEFENSE**

In doing certain acts complained of in the Counterclaim, the Plaintiff/Defendant in the Counterclaim was acting to vindicate its rights pursuant to Title 47, section 553 and was therefore, justified.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that the Defendant/Plaintiff in the Counterclaim seeks equitable relief or to the extent that this defense applies to legal relief, the Defendant/Plaintiff in the Counterclaim is not entitled to either; she has failed to come to this Court with clean hands, in that he has either illegally obtained the unauthorized interception of signals, as alleged in the Complaint or he has attempted to obtain the unauthorized interception of signals.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiff/Defendant in the Counterclaim hereby gives notice that it reserves all other defenses available to it pursuant to Fed. R. Civ. P. 12.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiff/Defendant in the Counterclaim hereby gives notice that it intends to rely upon such other and further defenses that may become available or apparent during the discovery proceeding in this case, and hereby reserves the right to amend affirmative defenses.

**WHEREFORE**, the Plaintiff/Defendant in the Counterclaim respectfully prays that this Court:

1. Dismiss the Counterclaim.
2. Enter Judgment in favor of the Plaintiff/Defendant in the Counterclaim and against the Defendant/Plaintiff in the Counterclaim, allowing the Plaintiff/Defendant in the Counterclaim its reasonable Attorney's fees and costs for defending the counterclaim;
3. Grant the relief sought in the underlying Complaint; and
4. Such other and further relief as the Court may deem just and proper

        Comcast of Massachusetts II, Inc.
        By Its Attorney,

| | |
|---|---|
| <u>11/15/2005</u> | <u>/s/ John M. McLaughlin</u> |
| Date | John M. McLaughlin |
| | **Green, Miles, Lipton & Fitz-Gibbon LLP** |
| | 77 Pleasant Street |
| | P.O. Box 210 |
| | Northampton, MA 01061-0210 |
| | Telephone: (413) 586-0865 |
| | BBO No. 556328 |

## CERTIFICATE OF SERVICE

I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that I have on the 15th, day of November, 2005, served a copy of the foregoing, via first class mail, postage prepaid, to the following:

Dennis P. Powers, Esq.
**Katz, Argenio, & Powers**
1380 Main Street, Suite 302
Springfield, MA 01103

/s/ John M. McLaughlin
John M. McLaughlin